**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| IAN CONRAD BERGAN, LLC;<br>KIRBY INLAND MARINE LP; and<br>ENTERPRISE MARINE SERVICES, LLC,<br><br>Plaintiffs,<br><br>v.<br><br>TEXAS PIPE & SUPPLY COMPANY and<br>B&B INDUSTRIAL SUPPLY COMPANY, INC.,<br><br>Defendants. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | CIVIL ACTION NO. 4:26-cv-05818<br><br>JUDGE ALFRED H. BENNETT<br><br>MAGISTRATE JUDGE PETER BRAY |

**<u>DEFENDANT B&B INDUSTRIAL SUPPLY COMPANY, INC.'S ORIGINAL ANSWER AND AFFIRMATIVE DEFENSES</u>**

Defendant B&B Industrial Supply Company, Inc. ("B&B"), subject to and without waiving the defenses stated below, answers the Complaint for Damages filed by Plaintiffs Ian Conrad Bergan, LLC ("Bergan"), Kirby Inland Marine LP ("Kirby"), and Enterprise Marine Services, LLC ("Enterprise") as follows.

The numbered responses below correspond to the numbered paragraphs of the Complaint. B&B's reproduction of Plaintiffs' section headings is for convenience only and is not an admission of any allegation in those headings. Any allegation not expressly admitted is denied.

**RESPONSE TO SECTION I — "PARTIES AND JURISDICTION"**

1. B&B admits that Bergan, Kirby, and Enterprise are named Plaintiffs in this action. B&B admits, on information and belief, that Bergan installs marine gauging equipment. B&B lacks knowledge or information sufficient to form a belief as to the alleged assignments by Kirby and Enterprise to Bergan and therefore denies those allegations. B&B denies the remaining allegations of Paragraph 1.

2. B&B lacks knowledge or information sufficient to form a belief as to the allegations of Paragraph 2 and therefore denies them.

3. B&B admits, on information and belief, that Kirby owns and operates marine equipment, including tank barges. B&B lacks knowledge or information sufficient to form a belief as to the ownership or operation of Kirby Barge 16832 or the alleged assignment to Bergan and therefore denies the remaining allegations of Paragraph 3.

4. B&B lacks knowledge or information sufficient to form a belief as to the allegations of Paragraph 4 and therefore denies them, including the reasonableness, necessity, amount, and recoverability of any costs allegedly incurred by Enterprise.

5. B&B admits that, on information and belief, Texas Pipe & Supply Company ("Texas Pipe") manufactures certain ball valves. B&B lacks knowledge or information sufficient to form a belief as to the remaining factual allegations of Paragraph 5 and therefore denies them. To the extent Paragraph 5 states legal conclusions, no response is required; to the extent a response is required, they are denied.

6. Paragraph 6 is directed to Texas Pipe and states a legal conclusion to which no response from B&B is required. To the extent a response is required, B&B denies the allegations.

7. Paragraph 7 is directed to Texas Pipe and states a legal conclusion to which no response from B&B is required. To the extent a response is required, B&B denies the allegations.

8. B&B admits that it is an Alabama corporation with its principal place of business in Mobile, Alabama. B&B admits that it purchased certain ball valves from Texas Pipe and resold certain ball valves to Bergan. B&B denies the remaining allegations of Paragraph 8.

9. Denied. B&B specifically denies that this Court may exercise personal jurisdiction over B&B and expressly preserves its defense under Federal Rule of Civil Procedure 12(b)(2).

10. Paragraph 10 states legal conclusions to which no response is required. To the extent a response is required, B&B admits that this Court has subject-matter jurisdiction under 28 U.S.C. § 1333 to the extent Plaintiffs assert claims within the Court's admiralty jurisdiction and otherwise denies the allegations.

11. Paragraph 11 states a legal conclusion to which no response is required. To the extent a response is required, B&B admits that the Court may exercise supplemental jurisdiction to the extent authorized by 28 U.S.C. § 1367 and otherwise denies the allegations.

12. B&B admits that Bergan purports to designate this action as an admiralty or maritime claim under Federal Rule of Civil Procedure 9(h).

**RESPONSE TO SECTION II — "TEXAS PIPE MANUFACTURED DEFECTIVE VALVES THAT FAILED"**

13. B&B lacks knowledge or information sufficient to form a belief as to the allegations of Paragraph 13 and therefore denies them.

14. B&B admits that Texas Pipe sold certain ball valves to B&B and that B&B distributed certain ball valves to Bergan.

15. B&B lacks knowledge or information sufficient to form a belief as to the allegations of Paragraph 15 and therefore denies them.

16. B&B lacks knowledge or information sufficient to form a belief as to the allegations of Paragraph 16 and therefore denies them.

17. B&B lacks knowledge or information sufficient to form a belief as to the allegations concerning the manufacture or metallurgical composition of the valves or component studs and therefore denies them. B&B specifically denies that it manufactured the ball valves or the component studs at issue.

18. B&B lacks knowledge or information sufficient to form a belief as to the allegations of Paragraph 18 and therefore denies them.

19. B&B lacks knowledge or information sufficient to form a belief as to the allegations of Paragraph 19 concerning the cause of any corrosion or failure and therefore denies them.

20. B&B lacks knowledge or information sufficient to form a belief as to the allegations of Paragraph 20 and therefore denies them.

21. B&B lacks knowledge or information sufficient to form a belief as to the allegations of Paragraph 21 and therefore denies them.

22. B&B lacks knowledge or information sufficient to form a belief as to the allegations of Paragraph 22 and therefore denies them.

23. B&B lacks knowledge or information sufficient to form a belief as to the allegations of Paragraph 23 and therefore denies them.

24. B&B lacks knowledge or information sufficient to form a belief as to the allegations of Paragraph 24 and therefore denies them.

25. B&B lacks knowledge or information sufficient to form a belief as to the allegations of Paragraph 25 and therefore denies them.

26. B&B lacks knowledge or information sufficient to form a belief as to the allegations of Paragraph 26 and therefore denies them.

27. B&B lacks knowledge or information sufficient to form a belief as to the allegations of Paragraph 27 and therefore denies them.

28. B&B denies the reasonableness, necessity, amount, and recoverability of any remediation costs alleged in Paragraph 28. B&B lacks knowledge or information sufficient to form a belief as to the remaining allegations and therefore denies them.

29. B&B lacks the knowledge or information necessary to admit or deny Paragraph 29 and therefore denies.

30. B&B lacks knowledge or information sufficient to form a belief as to the allegations of Paragraph 30 and therefore denies them. The metallurgical analyses referenced by Plaintiffs are written documents that speak for themselves.

31. B&B lacks knowledge or information sufficient to form a belief as to the allegations of Paragraph 31 and therefore denies them.

32. B&B lacks the knowledge or information necessary to admit or deny Paragraph 32 and therefore denies the allegations contained therein.

33. B&B lacks knowledge or information sufficient to form a belief as to the allegations of Paragraph 33 and therefore denies them.

34. B&B denies that Plaintiffs have established the reasonableness, necessity, amount, or recoverability of any removal or replacement costs alleged in Paragraph 34. B&B otherwise lacks knowledge or information sufficient to form a belief as to the allegations and therefore denies them.

35. B&B denies that Plaintiffs have established the reasonableness, necessity, amount, or recoverability of any removal or replacement costs alleged in Paragraph 35. B&B otherwise lacks knowledge or information sufficient to form a belief as to the allegations and therefore denies them.

36. B&B lacks knowledge or information sufficient to form a belief as to the allegations of Paragraph 36 and therefore denies them. Any United States Coast Guard Safety Alert referenced by Plaintiffs is a written document that speaks for itself.

37. B&B lacks the knowledge or information necessary to admit or deny Paragraph 29 and therefore denies the allegations contained therein.

38. B&B lacks knowledge or information sufficient to form a belief as to the alleged assignments, settlements, or releases referenced in Paragraph 38 and therefore denies the allegations.

39. Denied. B&B further denies that Plaintiffs may recover from B&B any contingent or unliquidated amount that Bergan may owe to Florida Marine Transportation.

40. B&B lacks the knowledge or information necessary to admit or deny Paragraph 40 and therefore denies the allegations contained therein.

41. B&B lacks the knowledge or information necessary to admit or deny Paragraph 41 and therefore denies the allegations contained therein.

**RESPONSE TO SECTION III — "TEXAS PIPE IS RESPONSIBLE IN PRODUCTS LIABILITY"**

42. Paragraph 42 is directed to Texas Pipe and states allegations to which no response from B&B is required. To the extent a response is required, B&B denies the allegations.

43. B&B lacks knowledge or information sufficient to form a belief as to the allegations of Paragraph 43 and therefore denies them.

44. Paragraph 44, including subparagraphs (a) through (d), is directed to Texas Pipe and states allegations and legal conclusions to which no response from B&B is required. To the extent a response is required, B&B denies the allegations and denies any allegation that would impose liability on B&B.

45. Denied as to B&B. B&B denies that any act or omission by B&B caused any recoverable injury or damage. B&B otherwise lacks knowledge or information sufficient to form a belief as to the allegations of Paragraph 45 and therefore denies them.

**RESPONSE TO SECTION IV — "PRODUCTS LIABILITY AGAINST B&B"**

46. B&B admits that it is engaged in the business of selling and distributing industrial products and that it distributed certain ball valves to Bergan. B&B denies the remaining allegations of Paragraph 46, including that the valves were defective when they left B&B's possession.

47. B&B admits that it purchased certain ball valves from Texas Pipe and resold certain ball valves to Bergan. B&B lacks knowledge or information sufficient to form a belief as to Bergan's intended or actual use of those valves and therefore denies the remaining allegations of Paragraph 47.

48. Denied.

49. Denied, including subparagraphs (a), (b), and (c).

50. Denied.

**RESPONSE TO SECTION V — "NEGLIGENCE AGAINST DEFENDANT TEXAS PIPE & SUPPLY COMPANY"**

51. Paragraph 51 is directed to Texas Pipe and states a legal conclusion to which no response from B&B is required. To the extent a response is required, B&B lacks knowledge or information sufficient to form a belief as to the allegations and therefore denies them.

52. Paragraph 52, including subparagraphs (a) through (e), is directed to Texas Pipe and states allegations to which no response from B&B is required. To the extent a response is required, B&B lacks knowledge or information sufficient to form a belief as to the allegations and therefore denies them.

53. Paragraph 53 is directed to Texas Pipe and states allegations to which no response from B&B is required. To the extent a response is required, B&B lacks knowledge or information sufficient to form a belief as to the allegations and therefore denies them.

54. Paragraph 54 is directed to Texas Pipe and states allegations to which no response from B&B is required. To the extent a response is required, B&B lacks knowledge or information sufficient to form a belief as to the allegations and therefore denies them.

**RESPONSE TO SECTION VI — "NEGLIGENCE AGAINST DEFENDANT B&B INDUSTRIAL SUPPLY COMPANY"**

55. Paragraph 55 states legal conclusions. To the extent a response is required, B&B denies that it owed the duty alleged and denies the remaining allegations.

56. Denied, including subparagraphs (a), (b), and (c). B&B specifically denies that it manufactured the ball valves or their component studs.

57. Denied.

58. Denied.

**RESPONSE TO SECTION VII — "NEGLIGENT MISREPRESENTATION AGAINST DEFENDANT TEXAS PIPE & SUPPLY COMPANY"**

59. B&B lacks knowledge or information sufficient to form a belief as to the allegations concerning representations allegedly made by Texas Pipe or information allegedly conveyed through B&B, and therefore denies the allegations of Paragraph 59.

60. B&B lacks knowledge or information sufficient to form a belief as to the allegations of Paragraph 60 and therefore denies them. The metallurgical analyses referenced by Plaintiffs are written documents that speak for themselves.

61. Paragraph 61 is directed to Texas Pipe. To the extent a response from B&B is required, B&B lacks knowledge or information sufficient to form a belief as to the allegations and therefore denies them.

62. Denied to the extent the allegations are construed against B&B.

63. Denied as to B&B. B&B lacks knowledge or information sufficient to form a belief as to the remaining allegations and therefore denies them.

**RESPONSE TO SECTION VIII — "NEGLIGENT FAILURE TO WARN AGAINST DEFENDANTS TEXAS PIPE & SUPPLY COMPANY AND B&B INDUSTRIAL SUPPLY COMPANY"**

64. Denied as to B&B. B&B specifically denies that it knew, or in the exercise of reasonable care should have known, of the alleged metallurgical nonconformity. B&B lacks knowledge or information sufficient to form a belief as to the allegations directed to Texas Pipe and therefore denies them.

65. Denied as to B&B. B&B lacks knowledge or information sufficient to form a belief as to the allegations directed to Texas Pipe and therefore denies them.

66. Paragraph 66 is directed to Texas Pipe. To the extent a response from B&B is required, B&B lacks knowledge or information sufficient to form a belief as to the allegations and therefore denies them. B&B denies any allegation that would impose liability on B&B.

**RESPONSE TO SECTION IX — "PRAYER FOR RELIEF"**

B&B denies that Plaintiffs are entitled to judgment against B&B or to any of the relief requested in subparagraphs (a) through (f) of the Prayer for Relief or otherwise.

## AFFIRMATIVE AND OTHER DEFENSES

B&B asserts the following defenses without assuming any burden of proof or persuasion that the law places on Plaintiffs and reserves the right to withdraw or amend any defense as discovery proceeds.

### First Defense - Failure to State a Claim

Plaintiffs' Complaint fails, in whole or in part, to state a claim upon which relief can be granted against B&B.

### Second Defense - Lack of Personal Jurisdiction

B&B is an Alabama corporation with its principal place of business in Mobile, Alabama. B&B denies that Plaintiffs' claims arise out of or relate to suit-related contacts that B&B purposefully created with Texas and preserves its defense under Federal Rules of Civil Procedure 12(b)(2) and 12(h)(1)(B)(ii).

### Third Defense - Insufficient Process and Service of Process

To the extent applicable, B&B asserts and preserves the defenses of insufficient process and insufficient service of process under Federal Rules of Civil Procedure 12(b)(4), 12(b)(5), and 12(h)(1)(B)(ii).

### Fourth Defense - Economic Loss

To the extent Plaintiffs seek purely economic losses in tort, their claims are barred or limited by the maritime economic-loss doctrine, including *East River S.S. Corp. v. Transamerica Delaval Inc.*, 476 U.S. 858 (1986), and by any other applicable economic-loss rule.

**Fifth Defense - Lack of Proprietary Interest**

To the extent a Plaintiff seeks maritime tort damages for economic loss without physical damage to property in which that Plaintiff held a proprietary interest, such damages are barred under *Robins Dry Dock & Repair Co. v. Flint*, 275 U.S. 303 (1927), and *Louisiana ex rel. Guste v. M/V TESTBANK*, 752 F.2d 1019 (5th Cir. 1985) (en banc).

**Sixth Defense - Non-Manufacturing Seller**

B&B did not manufacture the ball valves or the component studs at issue. To the extent Texas law supplies the rule of decision, B&B asserts all protections and defenses available to a non-manufacturing seller, including those provided by Texas Civil Practice and Remedies Code § 82.003.

**Seventh Defense - Warranty Defenses**

To the extent applicable, Plaintiffs must establish that any asserted warranty extended to them and is enforceable by them. Any warranty claim is also subject to the notice requirements and other limitations imposed by applicable commercial law.

**Eighth Defense - Comparative Fault and Apportionment**

Any recovery must be reduced by the proportionate fault of other persons or entities whose acts or omissions caused or contributed to the alleged failures or damages, under the general maritime law and, alternatively, applicable state law.

**Ninth Defense - Intervening or Superseding Causes**

Any recovery is barred or reduced to the extent the alleged failures or damages were caused by intervening or superseding acts, omissions, conditions, uses, or occurrences after the products left B&B's possession and control.

**Tenth Defense - Failure to Mitigate and Betterment**

Plaintiffs failed to mitigate their alleged damages. Plaintiffs may not recover for unreasonable or unnecessary inspection, removal, replacement, remediation, or other costs, and any recovery must be reduced to account for betterment or upgrades.

**Eleventh Defense - Speculative or Unrecoverable Damages**

Plaintiffs may not recover damages that are remote, speculative, duplicative, not established with reasonable certainty, or otherwise unrecoverable under the governing law, including claimed lost revenue, lost contracts, lost business reputation, and internal response costs to the extent barred by law.

**Twelfth Defense - Contingent or Unripe Claims**

B&B denies liability for any contingent, unliquidated, or unripe amount that Bergan may owe to Florida Marine Transportation or any other third party.

**Thirteenth Defense - Standing and Real Party in Interest**

Plaintiffs bear the burden to establish standing, the validity and scope of any assignment on which they rely, and that each claim is prosecuted by the real party in interest under Federal Rule of Civil Procedure 17.

**Fourteenth Defense - Settlement Credit, Offset, and One Satisfaction**

B&B is entitled to all credits, offsets, settlement credits, and one-satisfaction protections available under the governing law for amounts paid or payable by other persons or entities on account of the losses alleged.

**Fifteenth Defense - Evidence Preservation and Prejudice**

The materials presently available indicate that destructive metallurgical testing occurred before B&B received written notice of the alleged valve failures. B&B reserves the right to seek exclusion, an adverse inference instruction, or other appropriate relief to the extent discovery establishes that material evidence was altered, lost, or destroyed and B&B was prejudiced.

**Sixteenth Defense - Alteration, Modification, Integration, and Misuse**

Any recovery is barred or reduced to the extent the alleged failures or damages resulted from design, assembly, installation, integration, alteration, modification, use, misuse, maintenance, inspection, or other conduct occurring after the products left B&B's possession and control.

**Seventeenth Defense - Indemnity, Contribution, and Reservation of Additional Defenses**

B&B reserves all rights to seek indemnity, contribution, or other relief from Texas Pipe, Ohio Valve Company, and any other responsible person or entity, including, to the extent applicable, under Texas Civil Practice and Remedies Code § 82.002, and to assert crossclaims, third-party claims, and additional defenses as permitted by the Federal Rules of Civil Procedure and as discovery proceeds.

**JURY DEMAND**

To the extent any claim or issue in this action is triable by jury as a matter of right, B&B demands a trial by jury. B&B recognizes that Plaintiffs have designated their admiralty or maritime claims under Federal Rule of Civil Procedure 9(h), and B&B does not contend that Rule 38 creates a right to a jury trial as to claims properly subject to that designation. B&B expressly preserves its right to a jury trial on all claims and issues otherwise triable by jury.

**PRAYER**

WHEREFORE, Defendant B&B Industrial Supply Company, Inc. requests that Plaintiffs take nothing by their claims against B&B, that B&B recover its taxable costs, and that B&B receive all other relief to which it may be entitled.

Respectfully submitted,

**HARTLINE BARGER LLP**

*/s/ Matthew R. Gelina*
Matthew R. Gelina
Attorney-in-Charge
State Bar No. 24096050
S.D. Tex. Bar No.2914504
mgelina@hartlinebarger.com
5151 San Felipe Street, Suite 400
Houston, Texas 77056
Telephone: (713) 255-4726
Service E-Mail: trv@hartlinebarger.com
***ATTORNEY FOR DEFENDANT***
***B&B INDUSTRIAL SUPPLY COMPANY, INC.***

**CERTIFICATE OF SERVICE**

I certify that on September 8, 2026, a true and correct copy of the foregoing was filed electronically with the Clerk of Court using the CM/ECF system, which will send notice of the filing to all counsel of record registered to receive electronic notice.

*/s/ Matthew R. Gelina*
Matthew R. Gelina